## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**VICTORINE FARRELLY,** )<br>)<br>**Defendant.** )<br>_____) | Civil Action No. 2019-0028 |

**Appearances:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
**Michael J. Martineau, Esq.,**
**Jonathan Carroll, Esq.,**
Washington, DC
    *For Plaintiff*

**Victorine Farrelly,** *Pro Se*
St. Croix, U.S.V.I.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Request for Entry of Default Judgment" (Dkt. No. 12) and Memorandum in Support thereof (Dkt. Nos. 12-1, 13), filed on December 5, 2019. In its Motion, Plaintiff requests that the Clerk of Court enter default judgment against Defendant Victorine Farrelly ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(1) for Defendant's failure to plead or otherwise defend the action. (Dkt. Nos. 12 at 1; 13 at 1).[1] For the reasons that follow, the Court will vacate the entry of default and deny the request for default judgment.

To be entitled to default judgment, the moving party must present evidence, by affidavits

---

[1] Pursuant to Rule 55(b)(1), the Clerk of Court is authorized to enter a default judgment if the claim is for a sum certain.

and/or documents, of the following:

> (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent [person]; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service.

*Prestige Prop. Mgmt., LLC v. DEL Enters., LLC*, Civil No. 2019-3, 2020 WL 714111, at *2 (D.V.I. Feb. 12, 2020). Once this evidence is presented, it is within the discretion of the Court to determine whether a default judgment should be entered. *See Pieczenik v. Comm'r New Jersey Dept. of Env't Protection*, 715 F. App'x 205, 209 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

It is true the Defendant Victorine Farrelly failed to respond to the Complaint, thus prompting Plaintiff's Motion for Entry of Default, the entry of default by the Clerk of Court, and Plaintiff's Request for Entry of Default Judgment. It is also true that it has been almost two years since the filing of Plaintiff's Request for Entry of Default Judgment without a response by Defendant. However, on November 1, 2021, Defendant filed a Declaration with the Court in which she described various challenges that she has faced during the past several years which she represents have prevented her from addressing this matter. In light of the Third Circuit's expressed preference for the resolution of matters on the merits, *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), together with Defendant's recent appearance in this matter and the explanation for her failure to respond earlier, the Court will set aside the Clerk's entry of default for good cause pursuant to Fed. R. Civ. P. 55(c), and exercise its discretion to deny the entry of default judgment. The matter will be referred to Magistrate Judge George W. Cannon, Jr. to establish a schedule for further proceedings.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the entry of default by the Clerk of Court, entered on November 13, 2019,

is **VACATED**; and it is further

**ORDERED** that Plaintiff's "Request for Entry of Default Judgment" (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that this matter is referred to Magistrate Judge George W. Cannon, Jr. for a schedule for further proceedings; and it is further

**ORDERED** that the Clerk of Court shall provide a copy of this Memorandum Opinion and Order to Defendant by certified mail, return receipt requested.

**SO ORDERED**.

Date:   November 17, 2021                               _____/s/_____
                                                        WILMA A. LEWIS
                                                        District Judge